UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY ADONIS BELL,

        Petitioner,

v.                                        CASE NO. 08-13529
                                          HONORABLE GEORGE CARAM STEEH

MICHAEL CURLEY,

        Respondent.
_____/

**<u>OPINION AND ORDER DENYING THE HABEAS CORPUS PETITION,
GRANTING A CERTIFICATE OF APPEALABILITY, AND
GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL</u>**

Pending before the Court is petitioner Anthony Adonis Bell's habeas corpus petition under 28 U.S.C. § 2254. The habeas petition challenges Petitioner's state convictions for safe-breaking and conducting a criminal enterprise. Respondent Michael Curley urges the Court through counsel to deny the petition because the state court's adjudication of Petitioner's sole claim did not result in an unreasonable application of clearly established Supreme Court precedent. The Court agrees that Petitioner is not entitled to habeas corpus relief. Accordingly, the habeas petition will be denied.

**I. Background**

On April 20, 2007, Petitioner pleaded guilty in Wayne County Circuit Court to three counts of safe-breaking, Mich. Comp. Laws § 750.531, and one count of conducting a criminal enterprise, Mich. Comp. Laws § 750.159i(1). In return, the prosecutor dismissed other counts against Petitioner. There was no sentencing agreement, but the parties agreed that the sentencing guidelines called for a minimum sentence of thirty-six to sixty months. On May 7, 2007, the

trial court sentenced Petitioner to imprisonment for four concurrent terms of 57 months (four years, nine months) to 240 months (twenty years). The Michigan Court of Appeals denied leave to appeal for lack of merit in the ground presented, *see People v. Bell*, No. 280514 (Mich. Ct. App. Oct. 10, 2007), and on February 6, 2008, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issue. *See People v. Bell*, 480 Mich. 1060; 743 N.W.2d 911 (2008).[1]

Petitioner filed his habeas corpus petition on August 15, 2008. The sole ground for relief reads:

> Defendant's guilty plea was not voluntarily, understandingly, and intelligently made because the trial court neglected to advise him of the rights he was relinquishing as a consequence of pleading guilty.

Petitioner maintains that, at a minimum, the trial court should have informed him that he was waiving his right to remain silent, his right to a jury trial, and his right to confront the witnesses against him.

## II.  Standard of Review

Petitioner is entitled to the writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

---

[1] Michigan Supreme Court Justices Michael F. Cavanagh and Marilyn Kelly voted to remand the case to the trial court to allow the defendant to move to withdraw his plea.

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

"[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Id*. at 410 (emphasis in original). "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id*. at 409.

"Avoiding these pitfalls does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002) (*per curiam* opinion) (emphasis in original). Furthermore, "§ 2254(d) dictates a highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Bell v. Cone*, 543 U.S. 447, 455 (2005) (quotation marks and citations omitted).

**III. Discussion**

A guilty plea constitutes a waiver of several constitutional rights, including "the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment," "the right to trial by jury," and "the right to confront one's accusers." *Boykin v. Alabama*, 395 U.S. 238, 243 (1969).

3

Consequently, guilty pleas must be voluntary, knowing, and intelligent acts "done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970).

The trial court in this case did not advise Petitioner of any of the rights he was waiving by pleading guilty. *Boykin*, however, "does not require separate enumeration of each right waived and separate waivers as to each." *Fontaine v. United States*, 526 F.2d 514, 516 (6th Cir. 1975); *see also Winegar v. Corrections Dep't.*, 400 F. Supp. 392, 396 (W.D. Mich. 1975) ("[F]ederal courts have held that even *Boykin* does not require that a state defendant entering a guilty plea be specifically advised by the court of the three rights enumerated in that opinion.").

Furthermore, on the day of his plea, Petitioner signed a Pretrial Settlement Offer and Notice of Acceptance indicating that he was waiving his rights to a jury trial, to be presumed innocent until proven guilty beyond a reasonable doubt, to confront and question the witnesses against him, to have the trial court compel witnesses to come to court and testify for him, and to testify at his trial or to remain silent and not have his silence used against him. Petitioner also signed an Advice of Rights form, which enumerated the same constitutional rights. The signed plea agreement and the advice of rights form are grounds for concluding that Petitioner was advised of his constitutional rights. *United States v. Taylor*, 281 Fed. Appx. 467, 469 (6th Cir. 2008) (unpublished). The Court notes, moreover, that, during his colloquy with the trial court, Petitioner provided a factual basis for his plea and readily admitted his guilt. He said, "I done the crime, I'll do the time." (Tr. Apr. 20, 2007, at 20.)

**IV. Conclusion**

Petitioner's guilty plea was voluntarily, understandingly, and intelligently made despite the trial court's failure to advise Petitioner of the rights he was waiving.  Therefore, the state appellate court's conclusion that Petitioner's claim lacked merit did not result in an unreasonable determination of the facts and was not contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court.  Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus [Dkt. #1] is **DENIED**.

It is further **ORDERED** that a certificate of appealability may issue.  Because two state supreme court justices voted to allow Petitioner to withdraw his guilty plea, reasonable jurists could debate the Court's resolution of Petitioner's claim and whether the claim deserves encouragement to proceed further.  *Banks v. Dretke*, 540 U.S. 668, 705 (2004) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)).  Petitioner may appeal this decision *in forma pauperis* because an appeal would be taken in good faith.  Fed. R. App. P. 24(a)(4)(B).

Dated:  May 11, 2009

                S/George Caram Steeh
                GEORGE CARAM STEEH
                UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 11, 2009, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk